**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Holly Jeter,<br><br>          Plaintiff,<br><br>v.<br><br>DISH Network Service LLC, et al.,<br><br>          Defendants. | No. CV-19-05111-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant DISH Network Services, LLC ("DISH")'s Motion to Dismiss. (Doc. 38.) For the following reasons, the Motion is denied.

## BACKGROUND

This case arises out of the alleged sexual assault of Plaintiff Holly Jeter by her supervisor Defendant Kristoffer Miller. Plaintiff brings this action against Miller and his alleged "joint employers," Defendant Audio Visions, Inc. ("Audio Visions") and DISH.

Audio Visions installs home entertainment equipment, including DISH products—Audio Visions is an authorized DISH retailer. Customer complaints regarding Audio Visions' installation of DISH equipment are directed to Matthew Toig, a DISH representative. When such a complaint was made, Toig would allegedly instruct Miller, DISH's point of contact with Audio Visions, how to resolve the complaint. The First Amended Complaint describes Miller's Audio Visions job title as "General Manager," (Doc. 7 at 4), and "Field Services Manager," (Doc. 7 at 5). Miller kept all of Audio Visions'

financial books and hired and fired all employees.

Miller hired Plaintiff as support staff in 2017. During Plaintiff's employment she claims that she was subjected to three instances of sexual assault by Miller. The first assault occurred when Miller invited Plaintiff into his office "to make a to-do list." (Doc. 7 at 8.) Miller allegedly forced Plaintiff into his office for the two subsequent incidents. Each instance occurred at the Audio Visions facility. After Plaintiff reported the alleged assaults to Audio Visions owner Larry Mathews, Miller's relationship with Audio Visions was terminated.

Plaintiff asserts, among other things, that Miller's intentional conduct caused her severe emotional distress and that Audio Visions and DISH are vicariously liable for Miller's intentional conduct under the doctrine of *respondeat superior*. DISH brings this Motion asserting that Plaintiff has failed to state a claim against DISH.

**DISCUSSION**

**I.     Legal Standard**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). The Rule 12(c) analysis is "substantially identical" to the Rule 12(b)(6) analysis because, under both rules, "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Thus, to survive a Rule 12(c) motion, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II. Analysis

Plaintiff claims DISH is vicariously liable for Miller's alleged sexual assaults and intentional infliction of emotional distress against Plaintiff because DISH was Miller's "co-employer." The doctrine of *respondeat superior* generally holds an employer vicariously liable for the behavior of its employees only when they are acting within the scope of their employment. *Loos v. Lowe's HIW, Inc.*, 796 F. Supp. 2d 1013, 1022 (D. Ariz. 2011) (citing *Smith v. Am. Express Travel Related Serv. Co.*, 179 Ariz. 131, 135, 876 P.2d 1166, 1170 (Ct. App. 1994)). Arizona applies the Restatement (Third) of Agency § 7.07 test when evaluating the existence and scope of an employment relationship. *Engler v. Gulf Interstate Eng'g, Inc.*, 230 Ariz. 55, 58, 280 P.3d 599, 602 (2012). Under the Restatement, "an employee is an agent whose principal controls or has the right to control the manner and means of the agent's performance of work," Restatement (Third) of Agency § 7.07(3)(a); "[a]n employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control," *id.* at (2).

The FAC alleges that DISH provides Audio Visions access to its computer program to assign daily installation jobs and that "Miller had complete discretion in . . . conducting [DISH] Networks business with inadequate supervision from . . . [DISH] Network." (Doc. 7 at 4.) The FAC, however, further alleges that DISH "retains control of Audio Vision employees supervision by involving itself to resolve issues when Audio Vision Techs do not perform up to standards." (Doc. 7 at 5.) Matthew Toig, the DISH representative, met monthly with Miller and allegedly instructed Miller how to resolve customer complaints concerning Audio Visions installation of DISH equipment. *Id.* These facts plausibly allege that DISH retained the right to control how Miller handled customer complaints and are minimally sufficient to allege an employer-employee relationship between DISH and Miller.

Under Arizona law, employers may be held vicariously liable when a supervisor rapes a subordinate employee. *State, Dep't of Admin. v. Schallock*, 189 Ariz. 250, 258, 941

P.2d 1275, 1283 (1997). However, employers generally only face liability when the rape or tortious conduct can reasonably be considered incidental to the employee's employment. *Id.* (finding that a reasonable jury could conclude a supervisor's misconduct was incidental to his employment such that his employer should be vicariously liable for his conduct where the supervisor was charged with running the employer's day-to-day operations and the alleged harassment occurred at the workplace during work hours). DISH asserts that the FAC fails to allege facts suggesting that the alleged sexual assaults could reasonably be considered incidental to Miller's scope of employment with DISH. However, when the facts alleged are assumed true it is not clear that Miller's conduct was clearly outside the scope of his employment with DISH because the scope of his employment is not clearly defined in the FAC. Thus, this question, while pertinent, is more appropriate for summary judgment. *See Smith v. Am. Exp. Travel Related Servs. Co.,* 179 Ariz. 131, 136, 876 P.2d 1166, 1171 (Ct. App. 1994) ("Whether an employee's tort is within the scope of employment is generally a question of fact. It is a question of law, however, if the undisputed facts indicate that the conduct was clearly outside the scope of employment.") (internal citations omitted). As a result, DISH's Motion to Dismiss is denied.

## CONCLUSION

Plaintiff has alleged sufficient facts to suggest DISH may be a co-employer of Miller. Accordingly,

**IT IS HEREBY ORDERED** that Defendant DISH Network Services, LLC ("DISH")'s Motion to Dismiss (Doc. 38) is **DENIED.**

Dated this 25th day of June, 2020.

_____
G. Murray Snow
Chief United States District Judge